# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MINH D. NGUYEN and ESTHER CHUNG, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-2307 |
| | § | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The plaintiffs, Minh D. Nguyen and Esther Chung, filed this suit after Nguyen's mortgage servicer, Seterus, Inc., conducted a nonjudicial foreclosure on their home. The Federal National Mortgage Association ("Fannie Mae") bought the home at the foreclosure sale. The plaintiffs sued Fannie Mae, Seterus, and foreclosure counsel Barrett Daffin Frappier Turner and Engel, LLP[1] in Texas state court, alleging that Seterus lacked authority to foreclose. The defendants timely removed. Fannie Mae and Seterus have moved for summary judgment on the plaintiffs' claims.[2] (Docket Entry No. 17). Numerous extensions were granted to allow the plaintiffs to obtain new counsel[3] and the parties to explore settlement. Nguyen, now represented by counsel,[4] responded on

---

[1] Barrett Daffin Frappier Turner and Engel, LLP was dismissed from this suit on August 23, 3012. (Docket Entry No. 5).

[2] On January 1, 2013, the defendants also moved for leave to file counterclaims against the plaintiffs for breach of contract and suit on the note and deed of trust. (Docket Entry No. 13, Ex. A, Orig. Countercl.). On January 15, 2013, then-plaintiffs' counsel Kevin M. Camp filed a response that included a motion for leave to file a response to the defendant's counterclaim and attached a copy of the plaintiffs' response to the defendants' counterclaim. (Docket Entry No. 14 & Ex. A). Based on this court's review of the motions and exhibits, the court grants both motions.

[3] The plaintiffs were originally represented by Kevin M. Camp, who withdrew. (Docket Entry No. 16).

[4] On June 18, 2013, David Tang filed a notice of appearance only for Nguyen.

June 18, 2013. (Docket Entry No. 28). Chung did not respond.[5] On July 16, 2013, the defendants replied. (Docket Entry No. 29).

Based on the pleadings, the motion and responses, the summary judgment record, and the relevant law, this court grants the defendants' motion for summary judgment, (Docket Entry No. 17), grants leave to file their counterclaim, (Docket Entry No. 13), and grants the plaintiffs' motion for a continuance cancelling the docket call scheduled for August 2, 2013, (Docket Entry No. 33). An amended scheduling order is separately entered. The reasons for this ruling are explained below.

**I.  Background**

    **A.  The Summary Judgment Record**

The defendants rely on the following exhibits in support of their summary judgment motion:

Exhibit A    Declaration of Bryan Wilson, a specialist employed by Seterus, Inc.

Exhibit A-1    Note dated August 10, 2007

Exhibit A-2    Deed of Trust dated August 10, 2007

Exhibit A-3    Assignment of Deed of Trust (Document No. 2007107486 in the real property records for Fort Bend County, Texas)

Exhibit A-4    Corporate Assignment of Deed of Trust (Document No. 2010097120 in the real property records for Fort Bend County, Texas)

Exhibit A-5    Notice of Acceleration and Notice of Substitute Trustee's Sale to Esther Chung dated September 8, 2011

Exhibit A-6    Notice of Acceleration and Notice of Substitute Trustee's Sale to Minh Nguyen dated September 8, 2011

---

[5] On July 15, 2013, the defendants filed a "Notice of No Response by Plaintiff Esther Chung." (Docket Entry No. 30). The defendants argued that they were entitled to summary judgment against Chung because she had not responded. Chung's failure to respond does not entitle the defendants to summary judgment.

2

    Exhibit A-7    Chase Home Finance, LLC Payment History

    Exhibit A-8    Seterus Payment History

(Docket Entry No. 17, at 2–3).

    The plaintiffs rely on the following exhibits:

    Exhibit A    Executed Promissory Note

    Exhibit B    Executed Deed of Trust

    Exhibit C    Assignment of Note and Deed of Trust between JPMorgan Chase and Chase Home Finance

    Exhibit D    Letter to Minh Nguyen from Chase Home Finance

    Exhibit E    Corporate Assignment Deed of Trust between JPMorgan Chase and Fannie Mae

    Exhibit F    Documents signed by Crystal Moore, Vice President of JPMorgan Chase

    Exhibit G    Assignment of Deed of Trust between Elend Mortgage and JPMorgan Chase

    Exhibit H    Notice of foreclosure sale to Minh Nguyen from Seterus

    Exhibit I    Substitute Trustee's Deed

    Exhibit J    Appointment of Substitute Trustee

    Exhibit K    Appointment of Substitute Trustee

    Exhibit L    Article regarding Stephen C. Porter

    Exhibit M    Documents bearing a signature by Stephen C. Porter

(Docket Entry No. 28, at 26).

The defendants have objected to some of the plaintiffs' summary judgment evidence.[6] For the reasons explained below in analyzing the defendants' summary judgment arguments, it is not necessary to resolve these evidentiary objections. Even considering the evidence the defendants object to, they are still entitled to summary judgment.

### B. Factual Background

On August 10, 2007, Chung executed a Promissory Note for $265,000.00 payable to Elend Mortgage, LLC as lender, on a loan secured by the real property located at 103 Nina Lane, Stafford, Texas 77477. (Docket Entry No. 17, Ex. A, at A-1). With the Note, the plaintiffs jointly executed a Deed of Trust, which was recorded in the Harris County real property records. (*Id.*, at A-2 ). Elend, the original lender, transferred the loan documents to JPMorgan Chase Bank, N.A. ("JPMC") on August 13, 2007. (*Id.*, at A-3). Elend endorsed the Note to JPMC. (*Id.* at A-1). An Assignment of Deed of Trust memorializing the transfer was recorded as Document No. 2007107486 in the real property records for Fort Bend County, Texas. (*Id.*) JPMC then transferred the note to Fannie Mae. (*Id.* at A-1 to A-4). A Corporate Assignment of Deed of Trust memorializing the transfer was recorded as Document No. 2010097120 in the real property records for Fort Bend County, Texas. (*Id.* at A-4). The loan is currently serviced by Seterus. (Docket Entry No. 17, Ex. A). Seterus does not hold an ownership interest in the Note. (*Id.*)

---

[6] The objections include that Nguyen's affidavit gives the impression that Esther Chung is his fiancee when she is not; a hearsay objection to Nguyen's affidavit statement that he knew the monthly mortgage amount, because he was not a borrower on the note and has not explained the basis for his knowledge; a hearsay objection to Nguyen's affidavit descriptions of his conversations with representatives of Chase Home Finance, which is not a party; an objection to Nguyen's description of his mental anguish as vague, conclusory, and unsubstantiated; an objection under Rules 901 and 902 of the Federal Rules of Evidence to the documents identified as be Harris County Real Property Records as not properly authenticated; an objection under Rule 901 to the letter to Esther Chung as not properly authenticated because Nguyen is not a party to that letter; an objection to the documents in Exhibit F — the documents signed by Crystal Moore — as irrelevant, unduly prejudicial, and unduly confusing to deciding the relevant issues; and an objection to the documents in Exhibit M — the article about Stephen C. Porter — as irrelevant, prejudicial, and confusing. (Docket Entry No. 29, at 2–3).

Chung fell behind on her mortgage payments in 2011. (Docket Entry No. 17, Ex. A, at A-7 to A-8). On September 8, 2011, the defendants sent each plaintiff, by certified mail, return-receipt requested, notices of acceleration and foreclosure sale. (*Id.* at A-5 to A-6). On October 4, 2011, Fannie Mae purchased the property at the foreclosure sale for $292,157.62. (Docket Entry No. 1, Ex. B-23, Pls.' 2d Am. Pet., at Ex. I).

On July 20, 2012, the plaintiffs filed their second amended complaint in the 434th Judicial District Court of Fort Bend County, Texas. The plaintiffs asserted claims for trespass to try title, breach of contract, negligent misrepresentation, violation of Chapter 12 of the Texas Civil Practice and Remedies Code, and declaratory judgment. (Docket Entry No. 1, Ex. B-23). The plaintiffs alleged that the defendants were not entitled to enforce the loan documents and did not provide proper notice of foreclosure. The defendants timely removed. In their summary judgment motion, (Docket Entry No. 17), the defendants argued that the record evidence showed that Fannie Mae holds the original note and is entitled to enforce it; the plaintiffs lacked standing to contest the transfer of the loan documents; and the defendants had the right to foreclose, provided proper notice of foreclosure, and followed the proper procedures. (*Id.* at 4).

Minh Nguyen responded. He argued that: he had standing to challenge the assignments and transfers of the Note as the mortgage debtor; the defendants lacked authority to enforce the Note because the correct owner was unknown and the transfers were invalid; fact issues precluded summary judgment on the breach of contract claim; the economic-loss rule did not bar his negligent-misrepresentation claim; Chapter 12 of the Texas Civil Practice and Remedies Code applies to the assignment of mortgages and afforded him a viable right to relief; and his trespass to try title claim was viable because his title was superior. (Docket Entry No. 28, at 16–24).

On July 10, 2013, the defendants replied. They reiterated that Nguyen lacked standing because he signed the Deed of Trust but not the Note; Nguyen was not entitled to notice; the statute

5

of frauds barred the breach of contract claim; and the plaintiffs' remaining claims failed as a matter of law. (Docket Entry No. 29).

The arguments and responses are discussed below.

## II. The Summary Judgment Legal Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Although the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.,* 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (en banc)).

When the moving party has met its Rule 56(a) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied

6

by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

**III. Analysis**

    **A. The Defendants' Right to Foreclose**

Most of the plaintiffs' claims stem from their argument that there is at least a fact dispute as to whether the defendants had the authority to enforce the Note and Deed of Trust and foreclose on the plaintiffs' home.[7] The defendants argue that undisputed facts in the record show that as a matter

---

[7] In support of their trespass to try title claim, the plaintiffs asserted that they "bring suit against Seterus and Fannie Mae for trespass to try title in that Plaintiff has superior title to Seterus and/or Fannie Mae because any title obtained by Seterus and/or Fannie Mae was obtained wrongfully based upon the actions of Seterus, and/or its predecessors, and/or Fannie Mae." (Docket Entry No. 1, Ex. B-23, ¶ 28). In support of their breach of contract claim, the plaintiffs asserted that "Defendants, Seterus and Fannie Mae, are not the proper parties entitled to enforce the Note or Deed of Trust, as a holder or owner of the Note." (*Id.*, ¶ 29). In support of their negligent misrepresentation claim, the plaintiffs asserted that "Defendant Seterus, and its predecessors, made a representation to the Plaintiff in the course of the defendant's business, or in a transaction in which the defendant had an interest, including but not limited to, representations regarding Plaintiffs' loan modification status and foreclosure status." (*Id.*, ¶ 30.) In support of their claim under Chapter 12 of the Texas Civil Practice and Remedies Code, the plaintiffs asserted that "Defendants used and presented a document, with knowledge that it is a fraudulent lien or claim against real property, with the intent that the document be given the same legal effect as a court record or document under the laws of this state or the United States evidencing a valid lien." (*Id.*, ¶ 33.)

7

of law, they had authority to foreclose." (Docket Entry No. 17, at 7). For the reasons explained below, the court agrees with the defendants.

Under Texas law, a holder is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." TEX. BUS. & COM. CODE ANN. § 1.201(b)(21)(A) (West 2009). "A person can become the holder of an instrument when the instrument is issued to that person, or he can become a holder by negotiation." *Martin v. New Century Mortg. Co.*, 377 S.W.3d 79, 84 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (citing TEX. BUS. & COM. CODE § 3.201 cmt. 1 (West 2002)). When the instrument is payable to an identified entity, "negotiation requires transfer of possession of the instrument and its indorsement by the holder." *Id.* (quoting TEX. BUS. & COM. CODE ANN. § 3.201(b)).

---

[8] The defendants also argue that Nguyen lacks standing to challenge the foreclosure because he was not party to the assignments of the Note Chung executed. (Docket Entry No. 17, at 6). This court acknowledges that there is support for the defendants' argument. *See, e.g.*, *Allen v. Chase Home Fin.*, LLC, 2011 WL 2683192, at *4 (E.D. Tex. June 10, 2011); *McAllister v. BAC Home Loans Servicing, LP*, 2011 WL 220672, at *5–6 (E.D. Tex. Apr. 28, 2011); *Eskridge v. Fed. Home Loan Mortg. Corp.*, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011); *Bittinger v. Wells Fargo Bank, NA*, 744 F. Supp. 2d 619, 625 (S.D. Tex. 2010). This issue, however, has not been resolved by the Texas Supreme Court or the Fifth Circuit. As one court noted recently, "[t]he court, after searching, has not found any Texas or Fifth Circuit case that has held that a borrower can **never** challenge a foreclosure based on an assignment of a deed of trust because of a lack of standing." *Preston v. Seterus, Inc.*, — F. Supp. 2d —, 2013 WL 1091272, at *8 (N.D. Tex. Mar. 15, 2013) (emphasis in original). This court need not resolve this dispute because the defendants are entitled to summary judgment for other reasons explained below in this opinion.

After Nguyen, but not Chung, responded to the summary judgment motion, the defendants replied that "borrowers have no standing to contest the assignment of a mortgage loan and, therefore, Nguyen's arguments about same are without merit. Nguyen is even further removed from the assignment of the subject Note because he is not even a borrower on it. While he purportedly signed the deed of trust, he is not in a position to contest the assignment of the Note since he is not a party to it." (Docket Entry No. 29, at 3 (citations omitted)). This argument, made only in the defendants' reply brief, is not properly raised. *See, e.g.*, *Branch v. CEMEX, Inc.*, 2012 WL 2357280, at *9 (S.D. Tex. June 20, 2012) (citing *United States v. All Assets Held at Bank Julius Baer & Co.*, 772 F. Supp. 2d 205, 215 (D.D.C. 2011)). Even if the argument were properly raised, it would not affect the outcome. There appears to be some nonbinding authority supporting the defendants' argument. *See, e.g.*, *Kiper v. BAC Home Loans Servicing*, 884 F. Supp. 2d 561, 570 (S.D. Tex. 2012) (ruling that a nonborrower, even one with an ownership interest in the subject property, lacks standing to bring claims related to the subject note); *Ashby v. Wells Fargo Bank, N.A.*, 2012 WL 1833932, at *2 (S.D. Tex. May 18, 2012) (ruling that a plaintiff who inherited the subject property lacked standing because he was not a party to the note or deed of trust). The summary judgment evidence here, however, shows that Nguyen executed the Deed of Trust and is consistently referred to as a "borrower" in that document. Assuming, without deciding, that Nguyen has standing to raise claims under the note and the assignments, the defendants are entitled to summary judgment on other grounds.

8

Here, an agent of the original holder, Elend, endorsed the Note to the order of JPMorgan Chase. The plaintiffs do not dispute that JPMorgan Chase took possession of the Note. JPMorgan Chase became the holder. On an allonge[9] to the Note, an agent from JPMorgan Chase endorsed the Note to the order of Fannie Mae. The plaintiffs do not dispute that Fannie Mae is currently in possession of the Note. According to the endorsements on the Note and the allonge, Fannie Mae is the current holder of the Note, authorized to foreclose under the terms of the Deed of Trust. *See, e.g.*, *Venegas v. U.S. Bank, N.A.*, 2013 WL 1948118, at *3 (W.D. Tex. May 9, 2013) ("[T]he indorsements on the Note suggest that Defendant is the current holder. As holder of the Note, Defendant has authority to foreclose pursuant to the terms of the Deed of Trust."). The original Note, which the defendants have authenticated through a declaration attached to the motion for summary judgment, is physically maintained by Seterus as the servicing agent for Fannie Mae. (Docket Entry No. 17, Ex. A).

In his response, Nguyen argues that Fannie Mae is not a holder because the endorsements are defective. (Docket Entry No. 28, at 10). A court presumes that an endorsement is authentic unless its authenticity is specifically denied in the pleadings. *See* TEX. BUS. & COM. CODE ANN. § 3.308(a) ("[T]he authenticity of, and authority to make, each signature on the instrument are admitted unless specifically denied in the pleadings."). In their second amended petition, the plaintiffs alleged as follows:

> Plaintiffs say that the assignments filed with the real property records are fraudulent. The assignments contain signatures that are not authentic and are attempts to backdate the records to make it appear as though Defendants had the authority to foreclose. Furthermore, the Note does not contain proper indorsements and Fannie Mae, therefore, cannot be a holder or owner of the Note.

---

[9] An "allonge" is a separate paper affixed to the original note and considered part of it. *See* TEX. BUS. & COM. CODE ANN. § 3.204(a) (West 2002) ("For the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument."); *see also id.*, § 3.204 cmt. 1 ("An indorsement on an allonge is valid even though there is sufficient space on the instrument for an indorsement.").

9

(Docket Entry No. 1, Ex. B-23, ¶ 24). The plaintiffs' allegations appear to conflate recorded assignments of the Deed of Trust recorded in Harris County with the endorsements on the Note and allonge from Elend to JPMorgan Chase to Fannie Mae. Although the plaintiffs challenged the authenticity of the signatures on the assignments, the second amended complaint cannot be fairly read to challenge the authenticity of the endorsements. The plaintiffs alleged that the endorsements were "[im]proper," but did not allege facts that if proven would show that the endorsements were not authentic. *See, e.g.*, *Venegas*, 2013 WL 1948118, at *3 (noting that a general allegation that an endorsement is improper does not constitute a specific denial of an indorsement's authenticity under the Texas Business and Commerce Code).

In his summary judgment response, Nguyen also alleges that both the endorsements on the Note and the recorded assignments of the Deed of Trust are "invalid." (Docket Entry No. 28, at 10–11). Nguyen alleged that "[t]he alleged indorsements by [Elend's representative] Charlotte Oby appear very different and contain glaring discrepancies that signatures attributed to Charlotte Oby cannot be authentic. Furthermore, two of Charlotte Oby's indorsements on the Note are clearly marked void." (*Id.* at 10).

The records themselves undercut the allegations and no genuine fact issue material to determining the endorsements' validity arises. The signature page of the Note shows, under Esther Chung's signature, what appear to be three stamped endorsements. The two endorsements directly under Chung's signature state: "Pay to the Order of Without Recourse JPMorgan Chase Bank, N.A. By _____ Charlotte OBY/ASSISTANT SECRETARY." (Docket Entry No. 17, Ex. A-1, at 3). Both these endorsements, which Nguyen attacks as inconsistent with the third, are stamped "VOID." The third endorsement states: "Pay to the order of JPMorgan Chase Bank, N.A. Without Recourse By JPMorgan Chase Bank, N.A. Attorney In-Fact for [handwritten: Elend Mortgage LLC] By [signed: Charlotte Oby]/Its Authorized Assistant Secretary." (*Id.*) The plaintiffs

10

have identified no basis to question the authenticity of the third endorsement other than its dissimilarity to the other, voided, endorsements. Moreover, Elend and JPMorgan Chase executed a separate document memorializing the assignment of the Note and Deed of Trust on August 13, 2007. (Docket Entry No. 17, Ex. A-3).

Nguyen's response is silent on the endorsement of the Note from JPMorgan Chase to Fannie Mae. The allonge to the Note states: "PAY TO THE ORDER OF: Federal National Mortgage Association without recourse this 1/16/2008 JP Morgan Chase Bank, N.A. an Ohio Corporation [/s] Angela Nolan Assistant Vice President." (Docket Entry No. 17, Ex. A-1, at 4). Nguyen neither identifies nor presents evidence to contest the authenticity of the allonge.[10]

Based on the record, Fannie Mae is the holder of the Note and Seterus, as Fannie Mae's agent and possessor of the Note, may enforce it on Fannie Mae's behalf. *See Beard v. Norwest Mortg., Inc.*, 2007 WL 2051854, at *2 (Tex. App.—Waco July 18, 2007, pet. denied) (explaining that an assignee who possesses the note may pursue foreclosure of real property); *see also* TEX. PROP. CODE ANN. § 51.0025(1) (West 2007) ("A mortgage servicer may administer the foreclosure of property under section 51.002 on behalf of a mortgagee if the mortgage servicer and the mortgagee have entered into an assignment granting the current mortgage servicer authority to service the mortgage . . . .").[11] Based on the summary judgment evidence, the defendants had

---

[10] The version of the Note attached to the summary judgment response omits the allonge. (*See* Docket Entry No. 28, Ex. A).

[11] Nguyen also appears to argue that the defendants lack authority to foreclose because a 2010 recorded assignment of the Deed of Trust from JPMorgan Chase to Fannie Mae postdated a 2009 recorded assignment of the Deed of Trust from JPMorgan Chase to Chase Home Finance. (Docket Entry No. 28, at 8 (citing Exs. C & E)). Nguyen argues that the chain of assignments is "broken, un-recorded and invalid" and that "Fannie Mae asserts its ownership of the Note *solely* through an alleged Corporate Assignment of Deed of Trust executed on July 20, 2010" which is "impossible and absolutely invalid because JPMC had previously assigned its interest in the Note and Deed of Trust to CHF." (*Id.*) Nguyen's characterization of the assignments fails to account for the endorsements of the note from Elend to JPMorgan Chase to Fannie Mae that predate the recorded assignments of the Deed of Trust. Given endorsements, the court need not resolve the purported discrepancies in the recorded assignments. *See generally Campbell v. Mortg. Elec. Registration Sys., Inc.*, 2012 WL 1839357, at *4 (Tex. App.—Austin May 18, 2012, pet. denied) ("When a mortgage note is transferred, the mortgage or deed of trust is also automatically transferred to the note holder

11

authority to enforce the terms of the note and deed of trust." The plaintiffs' allegations and arguments are insufficient to raise a genuine fact dispute material to the validity of the endorsements. To the extent the plaintiffs' claims rest on the defendants' lack of authority to enforce the Note and Deed of Trust, the defendants are entitled to summary judgment.

### B. The Breach of Contract Claims

The plaintiffs' breach of contract claims fail as a matter of law to the extent that they are based on the defendants' alleged failure to provide proper notices of foreclosure. The undisputed facts in the record show that the defendants provided proper notice as a matter of law.

A lender must provide notice to the borrower of the time and place of the foreclosure sale at least 21 days before the date designated for the sale. TEX. PROP. CODE ANN. § 51.002(b) (West 2007); *see also Ochoa v. U.S. Bank & N.A.*, 2011 WL 2565366, at *4 (W.D. Tex. June 27, 2011). Service by certified mail of notice that the debtor is in default is complete when the notice is deposited in the United States mail and addressed to the debtor's last known address. TEX. PROP. CODE ANN. § 51.002(e). Notice of a foreclosure sale requires that notice be given "by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt." *Id.*, § 51.002(b)(3); *see also Rodarte v. Investeco Grp., L.L.C.*, 299 S.W.3d 400, 409 (Tex. App.—Houston [14th Dist.] 2009, no pet.). The defendants provided the plaintiffs notice of the foreclosure sale. On September 8, 2011, the defendants sent each plaintiff a notice of acceleration and notice of foreclosure sale via certified mail, return receipt requested, to the 103 Nina Lane address. (Docket Entry No. 17, Exs. A-5, A-6). Because the defendants gave the legally required notices, the plaintiffs' breach of contract claim based on improper notices fails.

---

by virtue of the common-law rule that 'the mortgage follows the note.'" (quoting *J.W.D., Inc. v. Fed. Ins. Co.*, 806 S.W.2d 327, 329–30 (Tex. App.—Austin 1991, no writ))).

12

In response, Nguyen argued that notice was defective and gave rise to an actionable breach of contract because "he received the notice of acceleration letter written by debt collection firm Barrett Daffin Frappier Turner & Engel, LLP" but "never received instructions from Defendant Fannie Mae, the current mortgagee, to send any payments to Seterus." (Docket Entry No. 28, at 13). "As such, Plaintiff denies that Seterus is a statutory mortgage servicer and had the authority to foreclose or instruct anyone to send notices on the current mortgagee's behalf. . . . Plaintiff did not receive proper notice of the foreclosure sale by a valid mortgage servicer." (*Id.* at 13–14). This argument is unsupported by the summary judgment record. Nguyen did not sign the Note. Chung did sign and did receive notice that mortgage payments were to be sent to Seterus. Nguyen has identified no reason why Seterus should have also notified him where to send payments he was not obligated to make.

The plaintiffs also claimed that the defendants breached oral modifications to the Note and Deed of Trust. According to Nguyen, a representative of the prior servicer, Lender Business Process Services, Inc., told the plaintiffs that "'you will only qualify for a loan modification if you are in default'"; that a modification had been "approved"; that the "terms and conditions of the loan modification were already set"; and that the plaintiffs should "expect a packet in the mail.'" (*Id.* at 15 (quoting Ex. A, Nguyen Aff.)). The plaintiffs claim that the defendants are liable because they foreclosed instead of complying with the alleged modification. This claim fails as a matter of law.

Under Texas law, the elements of a breach of contract are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)). "Under Texas law, an oral promise meant to modify a loan agreement exceeding $50,000 is unenforceable and barred as a claim of recovery

13

under the statute of frauds, unless there is a promise to sign a written agreement documenting the modification." *Ellis v. PNC Bank, N.A.*, 2012 WL 2958266, at *3 (S.D. Tex. July 19, 2012) (citing TEX. BUS. & COM. CODE ANN. § 26.02(2)(b) (West 2009); *1001 McKinney Ltd. v. Credit Suisse First Bos. Mortg. Cap.*, 192 S.W.3d 20, 29 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)). "As read in § 26.02(2) of the Business and Commerce Code, the term 'loan agreement' includes promises, promissory notes, and deeds of trust." *Id.* When a modification relates to a matter that must be in writing, the modification must also be in writing. *See Milton v. U.S. Bank N.A.*, 508 F. App'x 326, 328–29 (5th Cir. 2013); *Deuley v. Chase Home Fin. LLC*, 2006 WL 1155230, at *2 (S.D. Tex. Apr. 26, 2006). The principal amount of the Note was for $265,000.00. The plaintiffs did not allege, and Nguyen does not argue, that the defendants promised to sign a written agreement documenting a promise not to foreclose despite default and continued nonpayment. This claim is barred by the statute of frauds.

Nguyen argues in response that "the statute of frauds does not apply to partially performed oral contracts if denial of enforcement of the contract amounts to virtual fraud." (Docket Entry No. 28, at 14 (citing *Barnett v. Legacy Bank of Tex.*, 2003 WL 22358578, at *7 (Tex. App.—Eastland Oct. 16, 2003, pet. denied))). For this exception to apply, there must be "strong evidence establishing the existence of an agreement and its terms." *Barnett*, 2003 WL 22358578, at *7. The record does not approach, much less meet, this requirement.

Nguyen also argues that the breach of the alleged modification claim is viable under a promissory estoppel theory. (Docket Entry No. 28, at 16). The elements of promissory estoppel in Texas are: (1) a promise; (2) foreseeability of reliance by the promisor; and (3) substantial reliance by the promisee to his detriment. *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983). A mortgage servicer's or mortgagor's alleged representations about a loan modification do not give rise to a promissory estoppel claim unless there is an allegation or evidence that the servicer or mortgagor

14

promised to reduce its alleged oral representations into writing. *See Milton*, 508 F. App'x at 329; *Bank of Tex., N.A. v. Gaubert*, 286 S.W.3d 546, 553–54 (Tex. App.—Dallas 2009, pet. dism'd); *see also Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 549 (5th Cir. 2010) ("Under Texas law, promissory estoppel requires that the agreement that is the subject of the promise must comply with the statute of frauds. That is, the agreement must be in writing at the time of the oral promise to sign it." (quotation omitted)). An allegation that "a written agreement memorializing the new terms and conditions was 'in the mail,'" (Docket Entry No. 28, at 16), does not support a promissory estoppel claim.

The defendants are entitled to summary judgment dismissing the plaintiffs' breach of contract claim.

### C.     The Negligence Claims

The elements of negligent misrepresentation are (1) the defendant made a representation in the course of his business, or in a transaction in which he has a pecuniary interest, (2) the defendant supplies false information for the guidance of others in their business transactions, (3) the defendants did not exercise reasonable care or competence in obtaining or communicating the information, and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 791 (Tex. 1999); *see also Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 734 (N.D. Tex. Feb. 10, 2011). The economic loss doctrine precludes a plaintiff from recovering economic loss in tort cases when the loss is subject to contract claims. *Tarrant Cnty. Hosp. Dist. v. G.E. Auto. Servs., Inc.*, 156 S.W.3d 885, 895 (Tex. App.—Fort Worth 2005, no pet.) (citing *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986)). To recover for a claim of negligent misrepresentation, a plaintiff must show an injury independent from the subject matter of the contract. *D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 663–64 (Tex. 1998).

The record does not support a negligent misrepresentation claim. "[W]hen a written contract exists, it is more difficult for a party to show reliance on subsequent oral representations." *Beal Bank, S.S.B. v. Schleider*, 124 S.W.3d 640, 651 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). Generally, "negligent misrepresentation is a cause of action recognized in lieu of a breach of contract claim, not usually available where a contract was actually in force between the parties." *Airborne Freight Corp. Inc. v. C.R. Lee Enters.*, 847 S.W.2d 289, 295 (Tex. App.—El Paso 1992, writ denied); *see also Scherer v. Angell*, 253 S.W.3d 777, 781 (Tex. App.—Amarillo 2007, no. pet) ("[T]here must be an independent injury, other than breach of contract, to support a negligent misrepresentation finding."). "Here, Plaintiff alleges only a purely economic loss. Any complaints by Plaintiff about [the defendants'] failure to forebear foreclosure relate to the parties' contractual relationship . . . cannot, as a matter of law, form the basis of a negligence or negligent misrepresentation claim." *Sgroe v. Wells Fargo Bank, N.A.*, — F. Supp. 2d —, —, 2013 WL 1739502, at *13 (E.D. Tex. Apr. 22, 2013).

Nguyen argues that the defendants negligently misrepresented that no foreclosure would occur during the loan-modification review. (Docket Entry No. 28, at 17). This is not an actionable misrepresentation because it is a promise of future performance. "Alleged oral promises that [the defendants] would not foreclose while the loan modification was being reviewed is a promise of future performance, which is not actionable. Moreover, any purported promise by [the d]efendants would have been completely gratuitous and is not actionable because [the d]efendants have no obligation to review [the p]laintiff for a loan modification." *Sgroe*, 2013 WL 1739502, at *13.

The summary judgment record does not give rise to a claim for negligent misrepresentation as a matter of law. The defendants are entitled to summary judgment dismissing this claim.

    **D.**     **The Claim under Chapter 12 of the Civil Practice and Remedies Code**

The plaintiffs alleged that the defendants violated Chapter 12 of the Texas Civil Practice and Remedies Code by filing a "backdated" assignment of the Deed of Trust. (Docket Entry No. 28, at 23). Nguyen points to documents executed by Stephen C. Porter, such as an assignment effective December 15, 2009 but executed and notarized on January 15, 2010. Nguyen also claims that news articles about Porter's volume of signatures around that time and comparison to other signatures purportedly made by the same person show that either he did not actually sign the documents or that someone is forging his signature. (*Id.*)

Section 12.002(a) provides:

> A person may not make, present, or use a document or other record with:
>
>> (1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;
>>
>> (2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and
>>
>> (3) intent to cause another person to suffer:
>>
>>> (A) physical injury;
>>>
>>> (B) financial injury; or
>>>
>>> © mental anguish or emotional distress.

TEX. CIV. PRAC. & REM. CODE § 12.002(a) (West 2002).

The defendants argue that Chapter 12 does not apply to an assignment because it does not create a lien or claim against real property. (Docket Entry No. 17, at 13–14). In *Marsh v. JPMorgan Chase Bank, N.A.*, 888 F. Supp. 2d 805, 813 (W.D. Tex. Aug. 29, 2012), the court stated that Chapter 12 did not apply because the assignment "merely purports to transfer an existing deed

17

of trust from one entity to another." *Id.* A Texas court of appeals, however, recently suggested that a fraudulent assignment of a deed of trust might qualify as a "claim" under Chapter 12 given that the statute includes not only claims against real property, but also claims against an interest in real property such as a deed of trust. *See Bernard v. Bank of Am., N.A.*, 2013 WL 441749 (Tex. App.—San Antonio Feb. 6, 2013, no pet. h.).

This court, however, need not decide whether Chapter 12 applies to the assignment of the Deed of Trust to resolve the parties' dispute. Even if an assignment of a deed of trust falls under § 12.002(a), the plaintiffs have not identified or presented evidence that would tend to support the remaining elements necessary for a Chapter 12 claim. Nothing in the record supports an inference that the defendants acted with intent to cause the plaintiffs physical injury, financial injury, mental anguish, or emotional distress. Moreover, as explained above, the defendants were authorized to enforce the Note by the endorsement to Fannie Mae and physical possession by Seterus, and the Deed of Trust followed the Note as a matter of Texas law. *See Campbell v. Mortg. Elec. Registration Sys., Inc.*, 2012 WL 1839357, at *4 (Tex. App.—Austin May 18, 2012, pet. denied) ("When a mortgage note is transferred, the mortgage or deed of trust is also automatically transferred to the note holder by virtue of the common-law rule that 'the mortgage follows the note.'" (quoting *J.W.D., Inc. v. Fed. Ins. Co.*, 806 S.W.2d 327, 329–30 (Tex. App.—Austin 1991, no writ))).

Based on this record, the plaintiffs' Chapter 12 claim fails as a matter of law. The defendants are entitled to summary judgment.

### E. The Trespass to Try Title Claim

"To prevail in a trespass-to-try-title action, a plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not

18

abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). "The pleading rules are detailed and formal, and require a plaintiff to prevail on the superiority of his title, not on the weakness of a defendant's title." *Id.* The plaintiffs have failed to submit or identify summary judgment evidence of their superiority of title. It is undisputed that the property was purchased at a foreclosure sale. As explained above, there was no defect in the foreclosure proceedings. The plaintiffs lost the interest they could claim in the property when the defendants foreclosed and no evidence shows that the plaintiffs retained an interest in the property. The plaintiffs have no basis for a trespass to try title claim, and the defendants are entitled to summary judgment.

### F. The Request for a Declaratory Judgment

The Declaratory Judgment Act, 28 U.S.C. § 2201, is a procedural device that creates no substantive rights. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–41 (1937); *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1179 (5th Cir. 1984). On this record, that Act provides no basis for the relief the plaintiffs seek.

### IV. Conclusion

The defendants' motion for summary judgment is granted. (Docket Entry No. 17). The defendants' motion for leave to file their original counterclaim is granted. (Docket Entry No. 13). The plaintiffs may file an answer to the counterclaim by **August 23, 2013**. The motion for a continuance cancelling the docket call scheduled for August 2, 2013, (Docket Entry No. 33), is granted. An amended scheduling order is separately entered.

SIGNED on July 30, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge