IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MINH D. NGUYEN and ESTHER CHUNG, | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-12-2307 |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, *et al.*, | § § § | |
| Defendants. | § § | |

**ORDER GRANTING PARTIAL FINAL JUDGMENT UNDER RULE 54(b) AND ABATING AND ADMINISTRATIVELY CLOSING REMAINING CLAIM**

In this mortgage-foreclosure case, Federal National Mortgage Association a/k/a Fannie Mae and Seterus, Inc. (collectively, the "Defendants") have filed a Motion to Render Summary Judgment Final and to Abate Counterclaim, (Docket No. 40). In the Memorandum and Order dated July 30, 2013, (Docket Entry No. 34), this court granted the Defendants' motion for summary judgment, finding that based on the undisputed summary judgment evidence, as a matter of law, the Plaintiffs, Minh Nguyen and Esther Chung, had no basis to recover on their claims to have the foreclosure declared void and set aside and for trespass to try title, breach of contract, negligent misrepresentation, or violations of Chapter 12 of the Texas Civil Practice and Remedies Code. The court granted the Defendants' summary judgment motion, dismissing the Plaintiffs' claims that the Defendants had no right to enforce the mortgage and deed of trust and did not provide proper notice of foreclosure. The court also granted the Defendants' motion for leave to file their counterclaim, which conditionally sought a judgment of foreclosure in the event the foreclosure sale deed was declared void.

The Defendants have now moved for an order making the summary judgment ruling an appealable final judgment and abating the counterclaim pending any appeal. The Defendants note that the counterclaim is moot unless the foreclosure sale is found void. If the summary-judgment is reversed, then the Defendants will be in a position to pursue their counterclaim in court, preserving it against a potential limitations or other argument based on a failure to include the counterclaim in this case.

The Defendants' motion to render summary judgment final and to abate the counterclaim, (Docket Entry No. 38), is granted. This court finds under Rule 54(b) that there is no just reason to delay entering final judgment on the order granting the Defendants' summary judgment motion and dismissing the plaintiffs' claims, with prejudice. The remaining counterclaim is moot unless and until the plaintiffs Minh D. Nguyen and Esther Chung obtain through appeal a judgment voiding the foreclosure sale deed. Those counterclaim is abated and administratively stayed pending the outcome of any appeal. Consistent with this court's July 30, 2013 Memorandum and Order granting the Defendants' summary judgment motion, (Docket Entry No. 34), this court dismisses the Plaintiffs' claims with prejudice and orders that they take nothing on the claims asserted in this action against the Defendants. This order is a final judgment and appealable as provided in Federal Rule of Civil Procedure 54(b). The Defendants' counterclaim remains pending, but it is abated and administratively closed until any appeals of this partial final judgment are resolved. A party wishing to reinstate the counterclaim may file a motion to do so within 30 days after any appeal is resolved.

SIGNED on October 4, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge